**GULF STATES EQUIPMENT COMPANY,**
Appellant,

v.

Joe W. TOOMBS, Appellee.

No. 7056.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 30, 1958.

Allen Melton, George M. Elliott, Dallas, for appellant.

Huff & Splawn, Forrest Bowers, Lubbock, for appellee.

CHADICK, Chief Justice.

The opinion of this Court of July 22, 1958, is withdrawn and the following substituted for it. This is an action by a sales agent to recover commissions. The trial court entered judgment for the agent on the answer of the jury to special issues, and such judgment is modified, and as modified, affirmed.

The general facts of this case are set out in an opinion of the Waco Court of Civil Appeals reported as Gulf States Equipment Co. v. Toombs, 288 S.W.2d 203, and it seems unnecessary to reiterate them. Following reversal by the Waco Court, the Supreme Court refused a writ of error with the notation "no reversible error." Thereafter, on the first day of April, 1957, the case again went to trial in a District Court of Dallas County with a jury impaneled to determine issues of fact. Some six days were consumed in trial before the jury. Forty-three special issues were submitted by the trial judge. The defendant in the trial court, appellant here, Gulf States Equipment Company, requested submission of no issues, but made extensive objections to the court's charge.

The employment contract between appellant, Gulf States Equipment Company, and appellee, Toombs, contained, besides provisions not material, the following:

"The company agrees to employ the Salesman as a traveling representative for the sales of seating and other equipment and supplies for schools of every kind and character, and for such other sales work as may be assigned to the Salesman by the Company. The Salesman agrees to take complete charge of his assigned sales territory and to be responsible for its travel coverage in the promotion of the Company's business, and to devote his working time to the Company's interests to the exclusion of all other business, and to abide by the regulations and to follow the directions of the Company's management.

"The Company will provide the Salesman with his necessary working samples, catalogs, order books, stationery, sales manuals, and other essentials for the proper conduct of the Salesman's work, with the exception of an automobile. The Company will assume responsibility for the essential services required to handle the Salesman's orders, and the Salesman will co-operate with the Company in making all required reports, also on pricing policies, credits, collections, demonstrations and use instruction on products requiring same, and on all matters the basis of which is the building of good will for the mutual interests of the Company and the Salesman. The Company will also provide constructive assistance through sales conferences, comprehensive field supervision and training, and on-the-job sales assistance when the Salesman so requests or when the Company deems such as being advisable or necessary, and for these Company services the Salesman will not be penalized on sales credits.

\*     \*     \*     \*     \*     \*

"The Company reserves the right to assign sales territory to the Salesman and to revise or re-assign as may be necessary, the areas of assigned territory to be defined to the Salesman in writing and by outline map, and the Salesman shall operate his assigned territory on exclusive and protected basis, receiving full sales credit under the terms of this contract for all mail orders or Company-assisted sales in his

sales categories as well as for all orders that he closes personally."

In connection with the judgment rendered, the trial court filed no independent findings of fact and conclusions of law. Examination of the court's charge indicates that the trial judge submitted the first 10 special issues to determine whether Toombs made certain sales to certain institutions and the amount of commission he was entitled to thereby. Other issues seem to have been an effort to submit the appellant's defenses as the trial court understood them though the appellant did not request submission of any particular issue, and has not presented for review any complaint as to the form of the issues submitted.

It may fairly be said that appellant's position in the trial court and in this Court is that appellee Toomb's breach of his employment contract in the particulars shown by the evidence constituted a complete defense to his action to recover commissions accruing and unpaid on orders procured prior to the termination of employment and that the appellant was entitled as a matter of law to recover lost profits which should have accrued to it from sales made by Toombs and not reported to appellant but turned to other companies by Toombs. The argument of appellant runs that the breach of the contract by Toombs forfeited any commission then earned and unpaid, and as to sales made by Toombs and turned to competing companies the compensation derived by Toombs for such orders belong to the appellant and Toombs holds the same as trustee and in law is bound to account to appellant therefor. In support of the last contention it cites Parks v. Schoellkopf Co., Tex.Civ.App., 230 S.W. 704.

The pleadings and the report of Waco Court's opinion show that there was in both cases a common issue of law as to whether the breach of his employment contract by Toombs was a complete defense against his claim for commissions. The Waco Court announced the law as follows:

"* * * However, we do not think appellee's breach of contract in the particulars shown by the evidence in this case necessarily constituted a complete defense against appellee's asserted right to recover commissions accruing on orders secured prior to the termination of the contract of employment and shipped by appellant thereafter. 3 Williston on Contracts, pp. 2359 et seq., Sec. 841. But appellant was entitled as a matter of law to recover, or to be given credit for, the lost profits which would have accrued to it under the contract if appellee had complied with the same."

■ The record of the second trial, as it reaches this Court, does not purport to show the evidence produced in the first trial, but it does show that after reversal of the judgment in the first trial and prior to the second trial, the appellant filed its third amended answer and cross-action and appellee filed his first supplemental petition. It is apparent that this Court cannot determine whether the pleadings and evidence in this second trial made the same issues as on its first trial. See 3-B, Tex.Jur., p. 784, Sec. 1117. The general rule seems to be that the party who asserts that the evidence differs in the second trial from that of the first has the burden of proving such contention, and in the absence of proof it will be presumed the evidence is substantially the same upon issues common to both trials. 5B C.J.S. Appeal & Error, § 1964, p. 573.

■ Appellant contended throughout the second trial that Toombs breached his contract as a matter of law and that the Waco Court so held and that the Waco Court's judgment was binding in this respect on any re-trial of the case. By allowing the recovery of the admitted $200 of profits as shown in the next paragraph, this Court recognizes the binding effect of the Waco Court's determination of the law question respecting appellant's right of recovery and its holding that the employment contract

was breached as a matter of law under the evidence. In these respects, the Waco Court's decision became the law of the case at the second trial.

■ The withdrawn opinion turned in part upon what was believed to be appellant's failure to make proof as to loss of profits it incurred. On motion for rehearing it has been pointed out that the appellee on cross-examination stated that $200 would cover all of the profits on the several orders he turned to other companies. This appears to be a judicial admission and the trial judge as a matter of law should have adjudged a recovery of such sum to the appellant. Other evidence also is pointed out from which a jury might have found that the appellee received considerably more than he admitted. This evidence, however, is controverted and involved the credibility of witnesses. Determination of the true facts was for the jury under proper instructions by the court.

■ It devolved upon the appellant in the re-trial of the case to establish facts from which a jury might determine the amount in money of appellant's lost profits by reason of the breach. 3-B, Tex.Jur. 756, Secs. 1094, 1095. The appellant requested no issues for the purpose of determining the loss of profits it suffered. Failure to request issues in this respect is fatal to appellant's defense. See Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Hall v. Hall, Tex.Civ.App., 298 S.W.2d 950, reversed on other grounds, Tex., 308 S.W.2d 12; Rule 94 and Rule 273, Texas Rules of Civil Procedure.

■ The jury awarded appellee a recovery of commission on sales made by the appellant to Texas Western University in the agent's territory. Appellant claims these commissions were waived by a letter dated April 20, 1950. Appellant did not plead waiver or estoppel as an affirmative defense as is required by Rule 94 and the trial court's judgment precludes any contention that such defenses were tried by

agreement and the trial court made a favorable finding thereon. This Court cannot say in the absence of such pleading that as a matter of law the defense was sustained.

■ Appellant's other points have been carefully examined and as it is thought that they do not show reversible error a discussion of them is not warranted, except to say that its 29th point pertaining to attorney's fees is not supported by assignment in his motion for new trial, and that any error of the trial court in that connection cannot be asserted for the first time in the Court of Civil Appeals. Each of appellant's points of error are respectfully overruled, and appellant's first motion and amended motion for rehearing are overruled.

The judgment of the trial court is reformed to allow for and credit a set-off of $200 against the judgment awarded the appellee, and as so modified, the trial court judgment is affirmed.