Grover C. DAUGHERTY, Jr., Appellant,

v.

J. E. GARRETT et al., Appellees.

No. 13596.

Court of Civil Appeals of Texas.

San Antonio.

May 11, 1960.

Rehearing Denied June 15, 1960.

Robert H. Rice, San Antonio, for appellant.

William H. Bloch, Corpus Christi, for appellees.

POPE, Justice.

This appeal concerns Section 14 of Article 1995, Vernon's Ann.Tex.Stats. J. E. Garrett, R. J. Garrett and Mary Pearl Cable, joined by her husband, J. D. Cable, sued Grover C. Daugherty, Jr., in San Patricio County, to cancel what they alleged to be a spurious lis pendens notice filed by Daugherty in that County, and for damages. Daugherty filed a plea of privilege to be sued in Bexar County, his residence. The trial court denied the plea. It is agreed that the lands affected are in San Patricio County. In proving the venue facts under Section 14, we look to the plaintiffs' petition. Marshall v. Ballard, Tex.Civ.App., 314 S.W.2d 368; Klein v. Sibley, Tex.Civ.App., 203 S.W.2d 239.

Plaintiffs alleged that Daugherty filed a suit against J. E. Garrett in San Patricio County in which he prayed only for damages for an alleged breach of a contract to sell him the San Patricio land. Plaintiffs alleged that Daugherty did not sue for the land, and that the Daugherty suit did not involve the title to real estate. They alleged, however, that Daugherty filed a spurious lis pendens notice in San Patricio County, which falsely stated that the pending suit affected the title to plaintiffs' land. They alleged, in substance, that the lis pendens was spurious and was filed for the sole purpose of clouding plaintiffs' title.

Defendant, Daugherty, argues by way of admission that the title to the real estate was in no way involved by his action against plaintiffs, that it was only a suit for damages, and that one who examined the pleadings in his suit against plaintiffs would at once see that the title was not involved. In essence, Daugherty admits that his lis pendens was not effective. Daugherty urges that no one would believe the lis pendens notice, since such a notice merely requires one to make an examination of the pleadings in his suit, which would show that the Daugherty pleadings did not support the statements in his own lis pendens notice. This argument is made in reliance upon Hexter v. Pratt, Tex.Com.App., 10 S.W.2d 692, which was decided before Article 6643, Vernon's Ann. Tex.Civ.Stats., was amended in 1927. Before the amendment, a lis pendens notice was a memorandum which merely referred persons to the court records to determine whether there was in fact a suit pending concerning the real estate.

Article 6643 was amended to read as follows: "All such notices of pendency shall be notice to all the world of their contents and that the suit or suits mentioned therein are pending, * * *." According to this record, plaintiffs pleaded that Daugherty filed a lis pendens notice which stated that there was a suit pending which affected the title to their lands, although Daugherty's suit in fact does not affect the title. The fact that the lis pendens is spurious and falsely stated that it was grounded upon a suit is the thing

which plaintiffs urge gives them grounds for cancellation and for their suit to quiet title.

This is not a suit to remove a lis pendens notice during the pendency of a suit, it is a suit to remove a lis pendens notice which has no support by a pending suit. Under the present statute, a lis pendens notice is notice to the world of its contents. Plaintiffs allege that the lis pendens gives false notice of the true Daugherty claims, and, because it warns the world of a claim to the real estate which does not exist, it clouds their title.

In our opinion, the plaintiffs' pleadings assert an action to quiet title, the venue for which is where the land is located. Texan Development Co. v. Hodges, Tex.Civ.App., 237 S.W.2d 436. Accord, Thomson v. Locke, 66 Tex. 383, 1 S.W. 112, 114; Neely v. Neely, Tex.Civ. App., 52 S.W.2d 927; First Nat. Bank of McAllen v. Moore, Tex.Civ.App., 7 S.W. 2d 145; Colquitt v. Roxana Petroleum Corporation, 5 Cir., 49 F.2d 1025; 34 Tex. Jur., Quieting Title, § 6; 51 C.J., Quieting Title, § 59; 74 C.J.S. Quieting Title § 14.

Daugherty relies upon Howard v. Davis, 6 Tex. 174, and argues that plaintiffs have no cause of action since Daugherty's pretentions to a suit for the land, expressed in his lis pendens, are unfounded. Howard v. Davis holds that a disclaimer by one who has clouded a title would defeat a cause of action to quiet title. The case is not in point, since there is, as yet, no disclaimer. In looking at plaintiffs' pleadings, we find that the lis pendens notice is still speaking to all the world and saying that Daugherty has a suit pending against plaintiffs which affects plaintiffs' title.

Because the pleadings claim that Daugherty has filed a false lis pendens which in fact affects the title to land, this is a suit to quiet title, which is governed by Sec. 14, Art. 1995. The judgment is affirmed.