**CITY OF PEARLAND, Appellant,**

v.

**James C. YOUNG et al., Appellees.**

**No. 7116.**

Court of Civil Appeals of Texas, Beaumont.

March 12, 1970.

Rehearing Denied April 9, 1970.

Jack Harrison, Alvin, Thomas J. Graham, Houston, for appellant.

William W. McNeal, Alvin, for appellees.

KEITH, Justice.

The City appeals from a judgment based upon jury findings, awarding Young $15,-000.00 as the value of certain water lines, $2,963.45 for water sold through the lines during the course of the litigation, and $1,560.00 as the value of the water meters used in the system. The contract between the parties is set out in the opinion written on the prior appeal of the case. Young v. City of Pearland, 425 S.W.2d 391, 392 (Houston 1st Civ.App., 1968, error ref. n. r. e.). The parties will be designated as "City" and "Young" respectively.

On the prior appeal by Young, Justice Coleman set out a letter written by the City Secretary to Young wherein the City notified him of the acceptance of the option created by the contract. (See p. 393 of the reported opinion.) Upon the trial of this cause, the parties stipulated that Young never received the letter mentioned, a factor which complicates our ultimate disposition of the case, particularly when we come to consider the doctrine of the law of the case. Additionally, for whatever it may be worth, the jury declined to find that City gave Young 30 days' notice in writing within a reasonable time after it had developed its own distribution system. Another issue, which the jury answered negatively, asked if the original petition of the City gave Young "written notice of the City's desire to acquire possession and ownership of the water lines without costs, the meters at $40.00 each, and not to acquire the water well, etc."

After the mandate had been returned following the former appeal, Young served notice upon the City that he had elected to rescind the option granted in the original contract and demanded the return to him of the distribution system which the City had been operating during the pendency of the suit. City declined to return to Young possession of the water lines and

Young's cross action for the value thereof followed.

Some 38 special issues were submitted to the jury, many of which have no conceivable bearing upon any ultimate issue in the case or the outcome of the litigation. We do, however, comment upon several of the issues which have materiality.

By Special Issues Nos. 23A and 23B, the jury found that at the time Young installed the water lines he "dedicated those lines to the public for the purpose of furnishing water to Westminister Subdivision" and the purchasers of the lots relied upon "such dedication in purchasing lots therein." The court, upon proper motion, set aside these findings and rendered judgment for Young upon the remaining findings.

The greater part of the City's brief upon the appeal is addressed to the failure of the court to enter judgment in its behalf upon the theory of dedication, with its principal reliance being placed upon City of Houston v. Lakewood Estates, Inc., 381 S.W.2d 697 (Houston Tex.Civ.App., 1964, no writ).[1]

We have carefully considered both opinions of Justice Bell on this case and have no quarrel with either decision. Indeed, he foresaw, in his first opinion, the possibility of additional testimony being introduced on the dedication theory; and, when such was forthcoming, his second decision upheld the finding of no dedication. The underlying and controlling facts stated in both opinions in *Lakewood Estates* are absent here. We have had occasion, recently, to go into the question of implied dedication at some length and do not find it necessary to repeat the citations found in Eastex Wildlife Conservation Association v. Jasper, Newton, Hardin and Tyler County Dog and Wildlife Protective Association, 450 S.W.2d 904, p. 911, et seq. (opinion delivered February 5, 1970), to which we refer. We even cited the *Seaway Case* [Seaway Company, Inc. v. Attorney General of Texas, Tex.Civ.App., 375 S.W. 2d 923] mentioned by Justice Bell on page 701 of the first opinion in *Lakewood Estates*. (*Eastex Case*, p. 912.)

Contrary to the situation prevailing in *Lakewood Estates*, Young had granted City an option to purchase his water system. This option, in Justice Coleman's language, was:

"* * * [an] offer to sell 'all facilities pertaining to the water system.' A contract binding upon both parties was created upon delivery of the letter to appellant." (425 S.W.2d at p. 395.)

The City is in no position to demand specific performance of this contract and at the same time contend that Young did not own the lines because of his implied dedication to the owners of lots in the subdivision. Young's counsel suggests that the City is estopped to argue dedication to the public in an action to enforce specific performance of a contract to convey the system, citing Krause v. City of El Paso, 101 Tex. 211, 106 S.W. 121 (1907).

The argument so made is beguiling and one not without legal support. Here, the City, declaring on a contract which would have allowed it to acquire *the entire system* at a nominal cost, attempts to avoid its liability by asserting that the ownership

---

1. Chief Justice Bell, the author of this opinion, also wrote again on the second appeal: City of Houston v. Lakewood Estates, Inc., 429 S.W.2d 938 (Houston Tex. 1st Civ.App., 1968, error ref. n. r. e.), wherein he summarized the holding in the prior appeal, saying: "The case was previously appealed to this Court and we held that in the state of the record an implied dedication was shown though the trial court had found there was no implied dedication. We reversed and remanded instead of reversing and rendering because we were of the view there had apparently not been a full development of the facts." (429 S.W.2d at p. 939.)

Upon this second appeal, Chief Justice Bell found that there was additional evidence of probative force introduced to support the trial court's finding that there was no implied dedication of the lines. (Id. at 940.)

of the water lines is not in Young but in the owners of lots in the subdivision. City, in effect, does not recognize the contract in its entirety (as was required under Justice Coleman's prior opinion), but seeks to divide it into three parts: (a) the water lines which it claimed belonged to third parties, not to Young; (b) the meters which it admitted belonged to Young and for which it was willing to pay; and (c) the well and pumps, etc., which it claimed it did not want at any price. The position is untenable, factually and legally.

In the prior opinion, it was held that the contract between the parties was indivisible. (425 S.W.2d at p. 395.) The City was not authorized to pick and choose which parts of the system it would take (the lines and the meters) and discard that which it did not want, i. e., the well, pump, etc. City could prevail only by recognizing Young's offer as a unit, accepting the offer therein contained, and tendering performance of its entire obligation under the contract as a single undertaking.

In Guadalupe-Blanco River Authority v. City of San Antonio, 145 Tex. 611, 200 S.W.2d 989, 997 (1947), Chief Justice Alexander had this to say:

> "The City is seeking to cancel the lease only. It does not offer to surrender the entire consideration received by it and restore the status quo. It seeks to retain the beneficial part of the transaction and to repudiate the disadvantageous part because of the alleged fraud of the other party. This it may not do. 17 Tex.Jur. 135; 31 C.J.S. Estoppel § 109, page 347; Doty v. Barnard, 92 Tex. 104, 47 S.W. 712; Monroe & Bro. v. Buchanan, 27 Tex. 241; Lasater v. Premont, Tex.Civ.App., 209 S.W. 753."

See also: Daniel v. Goesl, 161 Tex. 490, 341 S.W.2d 892, 895 (1960); City of Nederland v. Callihan, 299 S.W.2d 380, 387 (Beaumont Tex.Civ.App., 1957, error ref. n. r. e.); T. E. Moor & Co. v. Hardcastle, 421 S.W.2d 126, 131 (Beaumont Tex.Civ. App., 1967, error ref. n. r. e.).

■■■ In passing upon the points with reference to dedication, in a case wherein the trial court has granted a motion for judgment non obstante veredicto, we consider only the testimony in the most favorable light to the City and every reasonable intendment deducible from the evidence is to be indulged in its favor. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 199 (1952). See also Parker v. Seligman & Latz, Inc., 429 S.W.2d 159, 161 (Houston Tex. 14th Civ.App., 1968, no writ), wherein the authorities are collated. Having so reviewed the evidence, we find, as did the trial court, that there was no evidence of probative force supporting the jury findings with reference to dedication. Additionally, as we have pointed out, City cannot maintain the suit upon the contract, seeking specific performance from Young while contending simultaneously that the lines did not belong to him, but to the purchasers of the lots. So holding, City's points one through four are overruled.

■■■ In its second series of points (eleven and twelve), City claims that the filing of its original petition seeking specific performance of only a part of the contract complied with the contractual requirement of notice of its exercise of its option. In addition to the untenable legal basis of this argument, which we will mention in just a moment, the jury findings were against the City on the very point it now argues. Actually, the points complain of the trial court's refusal to set aside such adverse findings. The thrust of the argument is that such a written notice would have been "futile" since Young had refused to convey the system on January 11, 1966, when he appeared before the City Council.

The argument will not stand close scrutiny, and the only authority cited in support thereof, Hudson v. Smith, 391 S.W.2d 441 (Houston Tex.CivApp., 1965, error ref. n. r. e.), is readily distinguishable upon the facts. Smith recovered his attorney's fees upon a contract after a posi-

tive refusal to pay more than a stipulated (and much smaller) sum.

The City here was faced with a contract which required the giving of notice. In the earlier appeal, Justice Coleman said:

"In the contract the appellant [Young] agreed to 'execute the necessary bills of sale, assignments, transfers and conveyances to *all facilities pertaining to the water system* * * * upon City giving at least thirty days *notice in writing* of its desire to acquire *possession and ownership of same* at the price above stated.' (emphasis added) This is the only provision relating to notice found in the contract. Clearly the only way the offer to sell the water well, storage tank, pump and storage facilities could be accepted would be by notice of intention to exercise the option since the amount of the purchase price had not been agreed upon in the contract." (425 S.W.2d at p. 395, the emphasis so appearing in the opinion.)

Secondly, the City's reliance upon the fact that Young had refused to convey the water system on January, 1966 meeting with the Council is also misplaced. Justice Coleman said, "A meeting was apparently held on that date with Mr. Young in attendance." (p. 394). Further, as was clearly held in the prior case, the City did not make an unqualified acceptance of Young's outstanding offer. The very instrument relied upon by City as the notice (its original petition) was held to be deficient, these being Justice Coleman's words: "In its pleadings appellee [City] not only did not offer full performance on its part, but expressly stated that it did not desire to purchase the water well, storage tank, pump and appurtenances." (p. 396).

■ Even when we leave out of consideration the letter mentioned in the prior opinion, and consider only the prior *pleading* of the City, as it now asks us to do, the pleading is insufficient to exercise the option. This was the clear holding in the prior opinion and the City is now confronted with the doctrine of the law of the case. For a few of the cases on the subject see: Frankland v. Cassaday, 62 Tex. 418, 420 (1884); Green v. Priddy, 112 Tex. 567, 250 S.W. 656, 659 (1923); 5B C.J.S. Appeal & Error § 1964d, p. 570; 5 Am.Jur.2d, Appeal & Error, § 748, p. 191; 4 Tex.Jur.2d, Appeal & Error, § 1011, p. 701; Waddell v. Empire Drilling Co., 358 S.W.2d 221, 223 (Eastland Tex.Civ.App., 1962, error ref. n. r. e.).

City's points eleven and twelve are overruled.

■ We noted in our preliminary statement that Young recovered judgment for $15,000.00 as the market value of the water lines involved. This was done upon the theory that City had not exercised its option, and a jury finding that the City, by repudiating the *entire* contract (it wanted no part of the well, pump, etc.), and seizing Young's lines for its own use, became liable for the market value thereof. We sustain Young's position and hold the City liable for the value of the lines as found by the jury.

After the mandate of the first appeal had been filed, Young demanded of City the return of the water lines, but this demand was refused. City had no right, under the prior opinion, to the lines except as an incident to the exercise of its option under the contract. We have already disposed of this factor of the case; and, under the circumstances, City had no right to appropriate Young's lines without payment therefor. This amounted to a taking under the provisions of Article 1, § 17, Constitution; DuPuy v. City of Waco, 396 S.W.2d 103, 108 (Tex.Sup., 1965); City of La Grange v. Pieratt, 142 Tex. 23, 175 S.W.2d 243, 245 (1943). The City, not having exercised its rights under the contract, still insisting that it did not want to purchase the well, refusing to return Young's lines after demand, is now in no position to assert that it should not pay the fair market value thereof. City's

Points 6, 14, 7, 10, 8, 15, 16, and 17 are overruled.

The remaining points brought forward by City having been considered, each is found to be without merit and no reversible error is shown thereby. Each of such points is overruled. Rule 434.

Affirmed.