Virgil L. KROPP, Appellant,

v.

Hugh E. PRATHER, Jr., et al., Appellees.

No. 836.

Court of Civil Appeals of Texas, Tyler.

July 31, 1975.

Rehearing Denied Aug. 28, 1975.

Andress, Woodgate & Lodewick, Wm. Andress, Jr., Dallas, for appellant.

Burford, Ryburn & Ford, Logan Ford, David A. Witts, Dallas, for appellees.

DUNAGAN, Chief Justice.

This is an appeal from a summary judgment, the second such judgment granted in this particular case. Appellees, Prather and Hanner, claiming to be stockholders in Sunshine Plant Foods, Inc., filed a stockholder's derivative suit against Kropp in July, 1967, charging mismanagement of the corporate affairs and embezzlement of Sunshine funds by Kropp. Appellees alleged that Kropp had invested corporate funds in a fifty-one acre tract of land in Denton County and on August 10, 1967, they filed a lis pendens notice on the property claiming equitable title. Kropp answered by denying that appellees were stockholders in Sunshine and asserting therefore that they had no standing to maintain their suit and filed a cross-action contending that because of appellees' false claim against the land, he had been unable to close outstanding contracts of sale for portions thereof, the proceeds of which would have enabled him to satisfy a delinquent mortgage upon the remainder. Kropp also alleged that he would have derived sufficient funds from the sale of the Denton County lands to protect another and separate forty acre tract from foreclosure, that such special damages were known to appellees and that as a result of the filing of the lis pendens notice, he lost both properties to his great damage.

In 1970, appellees took a nonsuit in their original action against Kropp, leaving pending only the cross-action by Kropp. A summary judgment in favor of appellees Prather and Hanner was then granted by the 14th Judicial District Court of Dallas County. That summary judgment was reversed by the Beaumont Court of Civil Appeals in an unpublished opinion in December, 1971, and the case was subsequently transferred to the 191st District Court where the parties were allowed to realign and replead,

with the essential elements and allegations of the new pleadings being basically the same as the pleadings before the first summary judgment. In August, 1974, appellees' second motion for summary judgment was granted by the 191st Court and it is from this judgment that appellant brings this appeal.

Appellant, in his single point of error, contends that the trial court erred in granting the second judgment and argues for an application of the doctrine of law of the case. It is appellant's position that the pleadings involved in the two summary judgments are identical in their essential contentions and that there has been no change in the summary judgment evidence. Appellant therefore concludes that the Beaumont decision became the law of the case and that he is deserving of a trial on the merits.

The doctrine of law of the case is defined as that principle under which the determination of law questions will generally be held to govern the case throughout all of its subsequent stages where such determination has already been made on a prior appeal to a court of last resort. *Transport Ins. Co. v. Employers Casualty Co.*, 470 S.W.2d 757 (Tex.Civ.App., Dallas, 1971, writ ref., n. r. e.), 4 Tex.Jur.2d, Sec. 1001, p. 734. As the definition indicates, the doctrine of law of the case is applied only to questions of law and does not apply to questions of fact. *Missouri K & T R Co. v. Redus*, 55 Tex.Civ.App. 205, 118 S.W. 208 (1909, ref.); *Roberts v. Armstrong*, 231 S.W. 371 (Comm. of App., 1921). Further, the doctrine does not necessarily apply where the issues presented at successive appeals are not identical and applies only if it appears on the second appeal that the facts are substantially the same as those involved on the first trial. *Ralph Williams Gulfgate Chrysler Plymouth, Inc. v. State*, 466 S.W.2d 639 (Tex.Civ.App., Houston, 14th Dist., 1971, writ ref., n. r. e.); *Pearland v. Young*, 452 S.W.2d 767 (Tex.Civ.App., Beaumont, 1970, writ ref., n. r. e.); *Lebow v. Weiner*, 454

S.W.2d 869 (Tex.Civ.App., Beaumont, 1970, writ ref., n. r. e.). The application of the doctrine is not completely rigid and inflexible but the court has considerable discretion in its application. *Kempner v. Huddleston*, 90 Tex. 182, 37 S.W. 1066 (1896); *Magnolia Park Co. v. Tinsley*, 96 Tex. 364, 73 S.W. 5 (1903); *Burrage v. Hunt Production Co.*, 114 S.W.2d 1228 (Tex.Civ.App., Dallas, 1938, dism'd.).

It is our opinion that the doctrine of law of the case is not applicable in this case. "The doctrine does not necessarily apply where the issues presented at the two different trials are not identical. This is especially true where, on the second trial, following the reversal and remand of the cause on appeal, the pleadings are amended by both parties. Under this situation, the doctrine is inapplicable." *Transport Ins. Co. v. Employers Casualty Co., supra; Rose v. Baker*, 143 Tex. 202, 183 S.W.2d 438 (1944); *Closner v. Gannaway*, 55 S.W.2d 888 (Tex.Civ.App., Galveston, 1932, writ ref.); *Seydler v. Keuper*, 133 S.W.2d 189 (Tex.Civ. App., Austin, 1939, writ ref.).

In the instant case, upon remand by the Beaumont Court, each party filed amended pleadings. While it may be that the amended pleadings contain the same essential allegations as the pleadings in the first trial, there are some added allegations. For example, appellant adds in his amended petition an allegation of abandonment by appellees due to the nonsuit of their claim of equitable title. Appellees, in their first amended original answer, deny the abandonment in certain specifics.

■ In addition, the summary judgment proof offered in support of the second motion for summary judgment differs from that offered to support the first motion. Four additional depositions are considered by the court in granting the second motion. The general rule in this regard is that the party who asserts that the evidence in the second trial differs from that of the first has the burden of proving such contention and in the absence of proof, it will be presumed that the evidence is substantially the same upon issues common to both trials. *Gulf States Equipment Co. v. Toombs*, 317 S.W.2d 554 (Tex.Civ.App., Texarkana, 1958, writ ref., n. r. e.). It is our opinion that appellee has sufficiently illustrated the consideration of additional summary judgment proof in the second motion for summary judgment to negate the application of law of the case.

For the above stated reasons, we find the doctrine of law of the case to be inapplicable here and are further of the opinion that the doctrine's applicability is immaterial in this case.

■ Appellant relies on a cause of action in slander of title as the basis of his claim of special damages resulting from his alleged inability to close outstanding contracts of sale on the tracts involved because of the lis pendens filed by appellees. Appellees contend that the recordation of a lis pendens notice is privileged and that therefore no cause of action for slander of title is stated. Although an action for slander of title is different from that of an action for personal defamation, essentially the same privileges are recognized in relation to both torts. Prosser, Torts, 3rd Ed., 122, Rest. Torts, Sec. 585 et seq., 635 et seq. Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot form the basis for a cause of action in libel or slander. *Runge v. Franklin*, 72 Tex. 585, 10 S.W. 721 (1889); *Hott v. Yarbrough*, 112 Tex. 179, 245 S.W. 676 (Comm. of App., 1922); *Bloom v. A. H. Robins Co.*, 479 S.W.2d 780 (Tex.Civ.App., Waco, 1972, error dism.), cert. denied 410 U.S. 983, 93 S.Ct. 1504, 36 L.Ed.2d 179; *McAfee v. Feller*, 452 S.W.2d 56 (Tex.Civ.App., Houston, 14th Dist., 1970, n. w. h.). Therefore, the question presented is whether a notice of lis pendens recorded as authorized by Art. 6640, V.A.T.C.S., is a publication in the course of a judicial proceeding.

Article 6640, V.A.T.C.S. states:

"Upon the filing of the plaintiff's statement or petition in any eminent domain proceeding, or during the pendency of any suit or action, involving the title to real estate, or seeking to establish any interest or right therein, or to enforce any lien, charge or encumbrance against the same, any party seeking affirmative relief therein, may file a notice of the pendency of such proceeding or suit with the county clerk of each county where such real estate, or any part thereof, is situated. Such notice shall be signed by the party filing the same, his agent or attorney, setting forth the number, if any, and style of the cause, the court in which pending, the names of the party thereto, the kind of proceeding or suit and description of the land affected."

From the language of the statute, it can be seen that the filing of a lis pendens notice is predicated on the pendency of a suit or action involving real estate. *Wortham v. Boyd*, 66 Tex. 401, 1 S.W. 109 (1886); *Humphrey v. Beaumont Irrig. Co.*, 41 Tex.Civ.App. 308, 93 S.W. 180 (1906, err. ref.); *Neyland v. Brammer*, 146 S.W.2d 261 (Tex.Civ.App., Galveston, 1940, dism., judg. corr.). At common law, the presence of a lis pendens notice acted as constructive notice to everyone of the pendency of the suit and its nature. *Maes v. Thomas*, 140 S.W. 846 (Tex.Civ.App., San Antonio, 1911, err. ref.); *Benn v. Security Realty and Development Co.*, 54 S.W.2d 146 (Tex.Civ.App., Beaumont, 1932, err. ref.); *Reeves v. Houston Oil Co.*, 230 S.W.2d 255 (Tex.Civ.App., Beaumont, 1950, n. r. e.). The effect of a statutory lis pendens notice, while depending somewhat upon the terms of the authorizing statute, is to put those interested in a particular tract of land on inquiry as to the facts and issues involved in the suit or action concerned. Art. 6643, V.A.T.C.S., *Daugherty v. Garrett*, 336 S.W.2d 642 (Tex. Civ.App., San Antonio, 1960, dism'd., w. o. j.). Lis pendens does not give constructive notice of matters not appearing on the face of the pleadings, i. e., matters not claimed by the plaintiff and not involved or in issue.

*Rosborough v. Cook*, 108 Tex. 364, 194 S.W. 131 (1917); *Neyland v. Brammer, supra; Shearon v. Henderson*, 38 Tex. 245 (1873).

Because the recording of a lis pendens is specifically authorized by statute and has no existence separate and apart from the litigation of which it gives notice, we hold that the filing of a notice of lis pendens in this action is a part of the "judicial proceeding."

In 51 Am.Jur.2d, Lis Pendens, Sec. 22, it is stated that: "A notice of lis pendens, filed under the authority of a statute, is, it has been held, as much entitled to the benefit of privilege, within contemplation of libel laws, as are the pleadings in the action to which the notice relates."

Further, several other jurisdictions have recognized a privilege associated with lis pendens. *Stewart v. Fahey*, 14 Ariz.App. 149, 481 P.2d 519 (1971); *Houska v. Frederick*, 447 S.W.2d 514 (Sup.Ct. of Missouri, 1969); *Albertson v. Raboff*, 46 Cal.2d 375, 295 P.2d 405 (1956): *Zamarello v. Yale*, 514 P.2d 228 (Sup.Ct. of Alaska, 1973).

In the *Albertson* case, the California court was considering a statute very similar to Article 6640, V.A.T.C.S. There the court stated:

"It is our opinion that the privilege applies to any publication, such as the recordation of a notice of *lis pendens*, that is required * * * or permitted * * * by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is invoked. See 53 C.J.S. Libel and Slander § 104, p. 168. Thus, it is not limited to the pleadings, the oral or written evidence, to publications in open court or in briefs or affidavits. If the publication has a reasonable relation to the action and is permitted by law, the absolute privilege attaches. * * * It therefore attaches to the recordation of a notice of *lis pendens*, for such a publication is per-

mitted by law, and like other documents that may be filed in an action, it has a reasonable relation thereto and it is immaterial that it is recorded with the County Recorder instead of being filed with the County Clerk."

It is our opinion that the rationale employed by the California court is applicable here and therefore attaches a privilege to the filing of a lis pendens notice.

Appellant, in his single point of error, argues only for an application of the doctrine of law of the case. There are however, contained in this argument, some references to the existence of certain fact issues which appellant asserts precludes the granting of a summary judgment.

These references made to alleged fact questions, however, do not contain proper references to the record where the matters complained of may be found. The record concerning those possible issues consists of 800 plus pages of deposition testimony and exhibits. The burden is on appellant to show that the record supports his contentions and to point out the place in the record where the matters complained of are shown. *Sims v. McKnight*, 420 S.W.2d 173, 178–79 (Tex.Civ.App., Houston, 14th Dist., 1967, writ ref., n. r. e.); *Novita Oil Co. v. Smith*, 247 S.W.2d 151 (Tex.Civ.App., Eastland, 1952, n. w. h.); *Little Rock Furniture Mfg. Co. v. Dunn*, 218 S.W.2d 527, 534 (Tex. Civ.App., Ft. Worth, 1949), affirmed 148 Tex. 197, 222 S.W.2d 985; *Balque v. Green*, 193 S.W.2d 705 (Tex.Civ.App., 1946, err. ref., n. r. e.); *May v. Consolidated Underwriters*, 170 S.W.2d 295 (Tex.Civ.App., Ft. Worth, 1943, ref., w. m.); Rule 418, Texas Rules of Civil Procedure. We do not feel that the rules require us to search through the entire record to determine whether appellant's allegations have any validity. Appellant has failed to meet his burden.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.