Louis B. HUGHES, et al., Appellant,

v.

HOUSTON NORTHWEST MEDICAL CENTER, et al., Appellee.

No. 01–82–0644–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 15, 1982.

Rehearing Denied Nov. 18, 1982.

**6**

John Grubb, Houston, for appellant.

Tom Alexander, Houston, for appellee.

Before EVANS, C.J., and STILLEY and DYESS, JJ.

OPINION

EVANS, Chief Justice.

The plaintiffs appeal from an order cancelling their lis pendens notice and enjoining them from filing any additional lis pendens notice as pending a trial on the merits. The temporary order is reversed and the cause is remanded.

■ A central issue before the court at the hearing on defendants' application for temporary relief was whether the plaintiffs' suit involved the title to real estate, or sought to establish any interest or right therein, or to enforce any lien, charge or encumbrance against the same, entitling the plaintiffs to file a lis pendens notice under the provisions of Art. 6640 et seq., Tex.Rev.Civ.Stat.Ann. Thus, we examine the plaintiffs' petition to determine whether the action is one coming within the provisions of the lis pendens statute. *Finder v. O'Connor,* 615 S.W.2d 283 (Tex.Civ.App.—Dallas 1981, error dism'd).

In their petition the plaintiffs allege that they and the defendants were general partners in a partnership named Houston North Properties and stockholders in a corporation entitled Houston Northwest Medical Center, Inc. They allege that by reason of the defendants' fraud, Houston North Properties had contracted to sell the 7.7 acres in controversy to Houston Northwest Medical Centers, Inc., which, in turn, proposed to sell the property to a partnership comprised solely of the defendants, Houston North Hospital Properties. In their prayer for relief, they asked the court to impose a constructive trust on the title to the land and to cancel the proposed sale alleged to have been "procured through fraud."

In the defendants' application for a temporary order, they allege that the plaintiffs have no standing to assert any claim with respect to the second partnership, Houston North Hospital Properties, because, as shown by the decision in *Hughes v. Aycock,* 598 S.W.2d 370 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), the defendants were forced to retire as partners in that firm. Thus, the defendants contend in their application that the plaintiffs' action does not entitle them to file and maintain a

lis pendens notice with respect to the 7.7 acre tract, and they complain that unless the plaintiffs' lis pendens notice is promptly cancelled, it will be impossible to consummate a pending sale from Houston North Hospital Properties to a third party for a sale price in excess of $50 million dollars. Thus, the defendants ask that the lis pendens notice be cancelled and that the plaintiffs be enjoined from filing any additional lis pendens notices during the pendency of the action.

After hearing the evidence, the trial court found that the defendants' partnership, Houston North Hospital Properties, held equitable, if not legal, title to the land involved, and it decided, as a matter of law, that the plaintiffs were not entitled, as shareholders in the corporation, Houston Northwest Medical Center, Inc., to file or maintain lis pendens notices with respect to property owned by that corporation; that the defendants would suffer irreparable harm by reason of the pendency of the lis pendens notice; and that defendants had no adequate remedy at law to protect them against such injury. On the basis of these findings, the trial court decreed that the lis pendens notice be set aside and cancelled, and it enjoined the plaintiffs from filing any additional lis pendens notices pending final disposition of the case.

As shown by the allegations in the plaintiffs' petition, the true nature of their action is to set aside certain contracts affecting the title to land which is evidently the sole asset of the first partnership and the corporation, and to impose a constructive trust upon the title to said property to secure their claimed interests therein. Thus, the principal rights asserted and the relief sought by the plaintiffs involves a claim of an interest or right in the land, *Finder v. O'Connor,* supra, and the plaintiffs' action was not merely a suit for an accounting and distribution of partnership assets. *Kirshenbaum v. Smith,* 480 S.W.2d 500 (Tex.Civ.App.—El Paso 1972, no writ); *Evans v. Speed,* 339 S.W.2d 257 (Tex.Civ. App.—Fort Worth 1960, writ dism'd); *Gritzman v. Hatfield,* 439 S.W.2d 468 (Tex. Civ.App.—Dallas 1969, n.w.h.).

Furthermore, the allegations in the plaintiffs' petition reflect the nature of their action to be a stockholder's bill, asserted by them in a derivative capacity, as minority stockholders of Houston Northwest Medical Center, Inc., for the use and benefit of the corporation and to prevent the fraudulent disposition of corporate assets. See *Providential Investors Corp. v. Dibrell,* 320 S.W.2d 415 (Tex.Civ.App.— Houston [1st Dist.] 1959, no writ). As a general proposition, it must be the corporation itself, as distinguished from its shareholders, which maintains an action to redress wrongs that reduce the value of corporate stock. However, where a corporation is controlled by the very persons whose conduct is subject to complaint, and by reason thereof, no corporate action can be expected, minority shareholders have standing to sue on behalf of the corporation. *Cates v. Sparkman,* 73 Tex. 619, 11 S.W. 846 (1899). Accordingly, where a derivative action affects title to land, minority stockholders bringing the action are entitled to file a lis pendens notice on behalf of the corporation. See *Kropp v. Prather,* 526 S.W.2d 283 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Grossfeld v. Beck,* 42 A.D.2d 844, 346 N.Y.S.2d 650 (1973).

In an appropriate case a court may order the cancellation of a lis pendens notice where it is established that the party filing such notice has not complied with the provisions of Art. 6640, Tex.Rev.Civ.Stat. Ann. *Lane v. Fritz,* 404 S.W.2d 110 (Tex. Civ.App.—Corpus Christi 1966, no writ). However, during a pendency of an action, a trial court is not authorized to cancel a lis pendens notice filed in compliance with Article 6640, except as authorized by the provisions of Article 6643a. *Rio Delta Land Co. v. Johnson,* 475 S.W.2d 346 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n.r.e.), subsequent appeal 566 S.W.2d 710 (Tex.Civ. App.1978, writ ref'd n.r.e.).

In the case at bar, that portion of the trial court's temporary order which cancelled the lis pendens notice gave relief to the defendant, which was permanent in na-

ture and clearly not injunctive; thus, that portion of the ruling exceeded the court's authority. *Moran v. Midland Farms Co.,* 282 S.W. 608 (Tex.Civ.App.—El Paso 1926, writ dism'd w.o.j.). Furthermore, that portion of the temporary order which enjoined the plaintiffs from further filing lis pendens notices against the property, effectively denied their right to remedies expressly authorized by statute to protect their claimed interests in the land. That ruling also exceeded the court's authority. *Moran v. Midland Farms Co.,* supra. "An injunction is never granted to stay proceedings in a suit, before judgment, merely because a plaintiff has no cause of action." *Chadoin v. Magee,* 20 Tex. 476 (1857).

■ Under the provisions of the lis pendens statutes a trial court may, in its discretion, cancel a lis pendens notice at any stage of the proceeding by requiring a monetary deposit of the amount of the judgment sought to be recovered, plus interest and costs likely to accrue during the pendency of the action, or by requiring a bond for a sum double the amount of the requested judgment, plus interest and costs. This statute must be followed before cancellation of a lis pendens notice is authorized. *Moran v. Midland Farms Co.,* supra. The record shows that the trial court's order was based entirely upon a legal conclusion that the plaintiffs were not entitled, as corporation shareholders, to file or maintain a lis pendens notice against the property covered by the corporation's executory contract of sale. The plaintiffs did not allege any specific amount of loss to be occasioned by the contemplated sale of the property, and there was no evidence presented at the temporary hearing which would serve as a basis for determining the amount of a cash deposit or bond under the provisions of Art. 6643a. The $100,000 bond required by the trial court as a basis for its temporary order was not based upon any pleadings or evidence submitted in connection with the statute, and therefore, further proceedings would be necessary to establish a basis for granting the relief afforded by Art. 6643a. This ruling is made without prejudice to the right of the defendants to seek such relief in further proceedings before the trial court.

The trial court's order cancelling the notice of lis pendens and enjoining the plaintiffs from maintaining such lis pendens during the pendency of the action is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.