**GENE HILL EQUIPMENT COMPANY, Appellant,**

v.

**Linda MERRYMAN, Appellee.**

**No. 3–88–207–CV.**

Court of Appeals of Texas, Austin.

May 10, 1989.

Rehearing Denied June 21, 1989.

Earl Rutledge, Hurst, for appellant.

Thomas J. O'Meara, Jr., Austin, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

This appeal involves the sufficiency of the property description in a lis pendens notice. Appellant, Gene Hill Equipment Company, purchased real property in Travis County after the lis pendens notice was filed. We will affirm the trial court's judgment setting aside the conveyance.

## BACKGROUND

While married to Linda Merryman, Paul Merryman purchased lots 14 and 15 of the Cardinal Hills addition in Travis County. In February 1982, the Merrymans filed for divorce in Harris County. Linda Merryman filed a lis pendens notice in Travis County on September 24, 1982. It recited:

NOTICE is hereby given that the above styled and numbered cause is now pending in the 308th Judicial District Court of Harris County, Texas, between LINDA SUE MERRYMAN, Petitioner, and WALTER PAUL MERRYMAN, Respon-

dent, and that such suit is a divorce proceeding between the parties, and this suit will ultimately involve the title to the following described real property located in Travis County, Texas, to-wit:

(1) Lot 1307, Lakeway ... more commonly known as 438 Eagle, Austin, Texas;

(2) Lot 2453, Section 22, Lakeway ...;

(3) Lot 2455, Section 22, Lakeway ...;

(4) *All other property owned by or recorded in the name of either of the parties to the said divorce, which may be located in Travis County, Texas.*

(Emphasis added.)

Paul conveyed the Cardinal Hills property to J.L. Nye in September 1983. Nye then conveyed the property to Hill Equipment in September 1984.

In July 1984, the Harris County district court signed the Merrymans' divorce decree which awarded to Linda Paul's "title and interest in and to" the Cardinal Hills property. Paul then executed a quitclaim deed to Linda in August 1984.

In May 1985, Linda filed suit against J.L. Nye and Hill Equipment to cancel the deeds between Paul Merryman and Nye, and between Nye and Hill Equipment. The trial court granted her motion for partial summary judgment, holding that the lis pendens notice contained a sufficient property description and that Paul Merryman lacked the authority to convey the Cardinal Hills property. The trial court then rendered final judgment for Linda Merryman, declaring void the deeds to Nye and to Hill Equipment.

Hill Equipment perfected its appeal, and urges nine points of error. Basically, it argues that the property description in the lis pendens notice was insufficient; that the conveyances to Nye and to Hill Equipment were effective; and that Linda Merryman was barred from bringing suit.

## DISCUSSION

Hill Equipment's chief argument is that the lis pendens notice was ineffective because it failed to specifically describe the

Cardinal Hills property. Tex.Prop.Code Ann. § 12.007(b) (1984) requires the lis pendens to contain:

(1) the style and number, if any, of the proceeding;

(2) the court in which the proceeding is pending;

(3) the names of the parties;

(4) the kind of proceeding; and

(5) *a description of the property affected.*

(Emphasis added.)

Linda's lis pendens described three Lakeway lots, but did not specifically describe the Cardinal Hills lots. Instead, it included a catch-all description for "[a]ll other property owned by or recorded in the name of either" Linda or Paul Merryman. The trial court concluded that the catch-all description was sufficient to meet the requirements of § 12.007. We agree.

The underlying purpose of a lis pendens is "to put those interested in a particular tract of land on inquiry as to the facts and issues involved in the suit or action concerned." *Kropp v. Prather,* 526 S.W.2d 283 (Tex.Civ.App.1975, writ ref'd n.r.e.). A filed lis pendens is constructive notice of the underlying lawsuit, and a prospective buyer is on notice that he acquires any interest subject to the outcome of the pending litigation. *Allen–West Commission Co. v. Gibson,* 228 S.W. 342 (Tex.Civ.App. 1921, writ ref'd). Ultimately, the effect of filing a lis pendens "is to prevent either party to the litigation from alienating the property in dispute.... [O]ne acquiring an interest in property from a party pending litigation in regard to it is bound by the result." *Black v. Burd,* 255 S.W.2d 553, 555 (Tex.Civ.App.1953, writ ref'd n.r.e.).

We have found only one case specifically discussing the sufficiency of a lis pendens property description. In *Pope v. Beauchamp,* 206 S.W. 928, 931 (Tex.Comm.App. 1918, jdgmt adopted), *rev'd on other grounds,* 110 Tex. 271, 219 S.W. 447 (1920), a lis pendens contained the following description: "Situated in Titus County, Texas, 631 acres of the M.V. Delgado survey of land in Titus County, Texas, and situated on Sulphur River and on Timber Lake

about fourteen or fifteen miles N.W. from Mt. Pleasant, Texas." The court *found the* description sufficient, stating: "In the petition ... the land is described ... the same way as in the deeds.... We think the description in the lis pendens notice is sufficient to identify the land, and that the requirement of the statute ... was complied with."

We believe Linda's catch-all description met the requirements of § 12.007 for two reasons. First, it would have been a sufficient description had it been in a deed, and thus under the reasoning in *Pope, supra,* it was sufficient in the lis pendens. *See, e.g., Cook v. Smith,* 107 Tex. 119, 174 S.W. 1094 (1915) (deed conveyed "all other real estate that I now own and am possessed of in the town of Paducah"); *Baker v. Smith,* 407 S.W.2d 4, 6 (Tex.Civ.App.1966, writ ref'd n.r.e.) (deed conveyed all lands owned by grantor in a certain county); *Best Investment Co. v. Francis,* 453 S.W.2d 893, 897 (Tex.Civ.App.1970, writ ref'd n.r.e.) (deed conveyed "interest and estate of J.A. Irwin, Inc., in and to any real property situated in Dallas County"). Second, it was sufficient to put a prospective property buyer on notice of the divorce suit, and this notice is the underlying purpose of lis pendens. *Kropp, supra.* Hill Equipment's first and second points are overruled.

Hill Equipment also urges that the divorce decree did not award the Cardinal Hills property to Linda because when she signed the decree, she knew Paul had conveyed the lots, and thus agreed to or acquiesced in whatever interest he retained. We disagree. Because of the lis pendens, Nye and Hill Equipment were bound by the outcome of the divorce, which awarded Paul's interest in the lots to Linda.

Likewise, we overrule Hill Equipment's argument that Linda's claim was barred by collateral estoppel or by res judicata since she did not attempt to set aside the conveyance in the divorce suit. Linda was not required to make Nye or Hill Equipment parties to her divorce suit. *See Black,* 255 S.W.2d at 555.

## CONCLUSION

*We overrule Hill Equipment's nine points of error and affirm the judgment of the trial court.*