**Leroy FRANCIS, Sr., Individually and as a Shareholder of Sterling Funeral Directors, Inc., Appellant,**

v.

**Gregory S. STERLING and Sterling Funeral Directors, Inc., Appellees.**

No. 12–00–00217–CV.

Court of Appeals of Texas, Tyler.

Feb. 21, 2001.

Joe Nathan Wright, Dallas, for Appellant.

Bennett White, for Appellee.

Panel consisted of WORTHEN, J., and GRIFFITH, J.

WORTHEN, Justice.

This is an appeal from a post-judgment order granting the motion of Appellee, Sterling Funeral Directors, Inc. ("corporation"), to cancel a lis pendens filed by Appellant, Leroy Francis ("Francis"). In two issues, Francis contends that the lis pendens was filed pursuant to section 12.007(a) of the Texas Property Code and that the trial court abused its discretion in canceling it. We affirm.

### BACKGROUND

In 1998, Francis, as a ten percent shareholder, filed a derivative action on behalf of the corporation against Gregory S. Sterling ("Sterling"), who owned ninety percent of the corporation. In January 1999, an order agreed to by both Francis and Sterling, appointed Leonard Pipkin ("Pipkin") as the receiver for the corporation. In November 1999, after a jury trial, the court entered a judgment in the derivative lawsuit. No appeal from this judgment was ever taken. Sterling was ordered to pay the corporation $169,147.00 and a further $10,000.00 to Francis for attorney's fees. This final judgment specifically designated Pipkin as the receiver "to preserve the corporation's assets and to avoid damages to the parties in interest." In March 2000, the corporation, the administrators of Sterling's estate, and Pipkin jointly filed a Motion to Expand Power of Receiver and to Approve the Sale of Assets.[1] Following a contested hearing at which Francis objected to the sale of company assets,

an Order Approving Sale was entered by the trial court on May 12, 2000. On May 15, 2000, a hearing was held by the trial court on Francis's request to set an amount for a supersedeas bond. The trial court later set the amount of the supersedeas bond at $500,000.00. Francis did not meet this bond. On May 16, 2000, Francis filed a notice of lis pendens at volume 5274, page 255 of the Official Public Records of Smith County, Texas.

The underlying purpose of a lis pendens is to put those interested in a particular tract of land on inquiry as to the facts and issues involved the suit or action concerned. *Gene Hill Equip. Co. v. Merryman,* 771 S.W.2d 207, 209 (Tex.App.—Austin 1989, no writ). The effect of filing a lis pendens is to prevent either party to the litigation from alienating the property in dispute. *Id.* As a result of the lis pendens filing by Francis, Pipkin was unable to consummate the sale of the corporation's real estate pursuant to the trial court's order of sale. On June 20, 2000, the corporation filed a Motion to Cancel Lis Pendens so that the sale of the corporation's real estate could go forward. After a contested hearing on June 30, the trial court entered the Order Granting Motion to Cancel Lis Pendens. Francis timely perfected his appeal of the Order Granting Motion to Cancel Lis Pendens.

### ANALYSIS

In his first issue, Francis contends that his notice of lis pendens complied with section 12.007(a) of the Texas Property Code because his action involved title to real property. This section provides:

(a) After the plaintiff's statement in an eminent domain proceeding is filed or

---

1. Sterling died on April 30, 1999. His daughters, Nicky D. Sterling and Sherra L. Sterling, became the co-administrators of the estate of Gregory S. Sterling.

during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

TEX.PROP.CODE ANN. § 12.007(a) (Vernon 1984).

Francis does not dispute that this is an action regarding the establishment of an interest in real property or the enforcement of an encumbrance against real property. Therefore, we will focus our analysis on whether title to real property was at issue. Francis relies upon *Hughes v. Houston Northwest Med. Ctr.*, 647 S.W.2d 5, 7 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd), for his contention that title in the corporation's real property is an issue in this action and therefore he had the authority to file his notice of lis pendens under section 12.007(a) of the Property Code.

In *Hughes*, the lis pendens notice was filed prior to the time that the minority shareholder had an opportunity to litigate his derivative lawsuit. *Id.* Here, Francis had already litigated his claims as a minority shareholder against the corporation and those causes of action had been merged into the judgment of November 9, 1999. Any causes of action he had regarding title were therefore dissolved into that judgment which became final when it was not appealed. *See Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex.1985).

The post-judgment order of May 12, 2000 from which Francis had previously filed an appeal, only involved the authority of the corporation's receiver.[2] Any issue as to title to the real property, which was part of the corporation's assets, had already been finally determined by the November 9 judgment from which no appeal was taken. We thus hold that under section 12.007(a) of the Property Code, Francis had no statutory authority to file the notice of lis pendens on May 16, 2000. Francis's issue one is overruled.

■ In issue two, Francis contends the trial court abused its discretion in ordering the release of notice of lis pendens on June 30. As stated above, the May 16 notice of lis pendens did not come within the provisions of Section 12.007(a) of the Property Code. A lis pendens trial without statutory authority is void. *Moss v. Tennant*, 722 S.W.2d 762, 763 (Tex.App.—Houston [14th Dist.] 1986, no writ). Therefore, it was not an abuse of discretion for the trial court to cancel the notice of lis pendens filed on May 16. Francis's second and final issue is overruled.

The trial court's Order Granting the Motion to Cancel Lis Pendens is *affirmed.*

DAVIS, C.J., not participating.

---

2. The court, in its May 12 order, had empowered the receiver to act in a liquidating manner by authorizing him to sell the assets of the corporation, which included real property.

Francis wanted Pipkin to continue in his capacity as the corporation's receiver in a rehabilitative role, and timely filed his appeal to the May 12 order.