In Re Collins

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-192-CV
 

IN RE BURK COLLINS, FOUNTAIN MALL, INC., RELATORS

AND MALL GROUP, LTD. 

------------

ORIGINAL PROCEEDING

------------

OPINION

------------

Introduction

In this original proceeding challenging the trial court’s grant of a motion to void a lis pendens, the primary issue we must resolve is whether, in deciding the motion, the trial court was required to look solely to the pleadings of the party who filed the notice of lis pendens to determine whether the party is claiming a direct or collateral interest in the real property at issue, or whether the trial court could look beyond the pleadings and consider evidence relevant to the question of whether the party’s alleged property interest is direct or collateral.  Because we hold that the trial court could consider such evidence and was, in fact, required to do so in this case, but that the trial court should have denied the motion because the evidence raises a fact issue regarding the nature of the alleged property interest, we conditionally grant the writ of mandamus.

Background Facts and Procedural History

Relators Burk Collins (an individual), Fountain Mall, Inc., and Mall Group, Ltd. (collectively, the Collins parties) are defendants and third-party plaintiffs in the underlying lawsuit.  Michael Kest and the real party in interest, Tex Mall, L.P., are third-party defendants below. 

Collins and Kest are former business partners.  Together, they and entities owned or controlled by them, including Fountain Mall and Mall Group,
(footnote: 1) formed a partnership known as North Hills Creek Mall, L.P. (Creek Mall).  Creek Mall owned and operated a shopping center in North Richland Hills, Texas known as North Hills Mall (the Mall). 

In 2003, Creek Mall breached certain loan covenants with its lender, and the lender foreclosed on the Mall property.  Several months before the foreclosure, on March 28, 2003, Kest and Collins entered into a Memorandum of Understanding (MOU) under which KCT Richland, a Kest affiliate, agreed to provide short-term capital for Creek Mall in exchange for promises from Collins. Among those promises was an agreement that the Collins parties would not oppose the foreclosure, if it occurred, that Kest could do “whatever [he] wish[ed] regarding the Mall,”
(footnote: 2) and that the parties would arbitrate any disputes over the terms of the MOU before the American Arbitration Association (AAA) in Los Angeles, California. 

The Collins parties assert that, in further consideration for Collins’s promises in the MOU, Kest agreed to convey a 50 percent interest in the Mall property back to him if the property went into foreclosure.  The Collins parties concede, however, that the MOU does not contain this term.  Collins acknowledges that he signed the MOU knowing that it lacked this term, but he contends his signature was subject to a separate memorandum, also dated March 28, 2003, in which he informed Kest that the MOU was “null and void” unless Kest agreed to the above-stated reconveyance in the event of foreclosure. 

The Mall property was foreclosed in Tarrant County in October 2003, and Tex Mall, a company Kest had formed, purchased the property.  After the foreclosure, Kest did not give Collins an interest in the Mall property.  The Collins parties contend that, since the foreclosure, Kest, through Tex Mall, has owned and operated the Mall. 

In January 2004, Kest sought and obtained an order from the trial court compelling arbitration of the parties’ disputes.  Although arbitration was initiated, numerous related disputes and problems apparently arose. 

In June 2004, Fountain Mall and Mall Group filed a third-party petition in the trial court against Tex Mall and Kest.  The third-party petition asserts claims of fraud, conspiracy to commit fraud, breach of fiduciary duty, and conspiracy to breach fiduciary duty.  The third-party plaintiffs also seek a declaratory judgment that they own a 50 percent interest in the Mall property or Tex Mall.  In addition, they seek money damages and a constructive trust on 50 percent of the Mall property. 

In conjunction with the third-party petition, the Collins parties filed a notice of lis pendens in the Tarrant County Real Property Records.  Tex Mall and Kest both filed pleas in abatement, asking the trial court to abate the third-party suit until completion of the arbitration proceeding in Los Angeles.
(footnote: 3) Nothing further happened in the trial court or the arbitration proceeding until April 29, 2005, when Tex Mall moved to void the Collins parties’ lis pendens. 

Meanwhile, Tex Mall had begun efforts to develop the Mall property.  In anticipation of completing certain real estate transactions, Tex Mall discovered the Collins parties’ lis pendens.  In its motion, Tex Mall contends that the lis pendens is improper because title to land is not disputed in the third-party lawsuit and the suit does not seek to enforce an encumbrance on land.  In support of its motion, Tex Mall asked the trial court to take judicial notice of certain documents.
(footnote: 4)
 After a hearing, on May 25, 2005, the trial court granted both the motion to void the lis pendens and the request for judicial notice.  The Collins parties seek an order directing the trial court to vacate the May 25 order voiding the lis pendens.   We have stayed that order pending the outcome of this original proceeding.  

Issues

The Collins parties complain of the trial court’s granting of Tex Mall’s motion to void lis pendens on two grounds: 

1.  The trial court abused its discretion by looking beyond the pleadings and hearing evidence on the nature of the Collins parties’ claimed interest in the Mall property. 

2.  Alternatively, the trial court abused its discretion by refusing to refer the motion to void the lis pendens to arbitration in Los Angeles. 

Standard of Review

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.
(footnote: 5) 
Absent extraordinary circumstances, mandamus will not issue unless the relator lacks an adequate appellate remedy.
(footnote: 6) 

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.
(footnote: 7) With respect to the resolution of factual issues or matters committed to the trial court’s discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court reasonably could have reached only one decision and that the trial court’s decision is arbitrary and unreasonable.
(footnote: 8)  This burden is a heavy one.
(footnote: 9)  Our review is much less deferential with respect to a trial court’s determination of the legal principles controlling its ruling because a trial court has no discretion in determining what the law is or in applying the law to the facts, even when the law is unsettled.
(footnote: 10)  Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus.
(footnote: 11)  

Lis Pendens

The lis pendens statute gives litigants a method to constructively notify anyone taking an interest in real property that a claim is being litigated against the property.
(footnote: 12) 
 A notice of lis pendens may be filed during the pendency of an action involving (1) title to real property, (2) the establishment of an interest in real property, or (3) the enforcement of an encumbrance against real property.
(footnote: 13)  “A recorded lis pendens is notice to the world of its contents,” regardless of whether service has been made on the parties to the proceeding.
(footnote: 14) 

If a notice of lis pendens satisfies the requirements of section 12.007, the trial court may not cancel it except as provided in section 12.008.
(footnote: 15) 
 The trial court in this case did not cancel the lis pendens in accordance with section 12.008; therefore, if the lis pendens complies with section 12.007, the trial court’s order granting Tex Mall’s motion is improper.

To satisfy section 12.007, the suit on which the lis pendens is based must claim a direct interest in real property, not a collateral one.
(footnote: 16) 
 In other words, the property against which the lis pendens is filed must be the subject matter of the underlying lawsuit.
(footnote: 17) 
 If the suit seeks a property interest only to secure the recovery of damages or other relief that the plaintiff may be awarded, the interest is merely collateral and will not support a lis pendens.
(footnote: 18) The parties disagree over what a trial court may consider in determining whether a suit involves a claim to a direct interest in property and, therefore, complies with section 12.007.  The Collins parties assert that the trial court must limit its review to the pleadings of the party who filed the lis pendens.  Tex Mall, on the other hand, contends that the trial court may look beyond the pleadings and consider evidence relevant to the question of whether the party’s alleged interest in the property is direct or collateral. 

The courts of appeals that have addressed this question appear to be split.  The First Court of Appeals has held that the validity of a lis pendens must be determined based on the pleadings alone.
(footnote: 19)  At least two other courts of appeals have followed the First Court.
(footnote: 20)  
Three of our sister courts, however, allow evidence to be considered in determining whether a lis pendens is improper.
(footnote: 21) 

In resolving this issue, we find the supreme court’s analysis in cases involving pleas to the jurisdiction instructive.  The supreme court has held that when a plea to the jurisdiction challenges the pleadings, the trial court looks to the pleadings to determine if facts have been alleged that affirmatively demonstrate the court’s jurisdiction to hear the case.
(footnote: 22)  
If, however, a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers relevant evidence submitted by the parties to resolve the jurisdictional issues raised.
(footnote: 23)  The trial court must not weigh the merits of the plaintiff’s claims, but must confine itself to the evidence relevant to the jurisdictional issue.
(footnote: 24) 
 

When the jurisdictional challenge implicates the merits of the plaintiffs’ cause of action, the court reviews the evidence relevant to the jurisdictional issue to determine if a fact issue exists.
(footnote: 25) 
 If the evidence raises a fact question regarding the jurisdictional issue, the trial court must deny the plea to the jurisdiction, and the fact issue must be resolved by the fact finder.
(footnote: 26)  If, however, the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.
(footnote: 27)
 Applying these principles to the determination of a motion seeking the  removal of a lis pendens, we hold that when the motion challenges the pleadings supporting the lis pendens, the trial court should examine the pleadings to determine whether the pleader has alleged facts that affirmatively demonstrate that the lis pendens is proper.
(footnote: 28)  If, however, a motion seeking the removal of a lis pendens challenges the existence of facts supporting the pleader’s alleged interest in the property, the trial court should consider evidence relevant to the question of whether the alleged property interest is direct or collateral.  
In so doing, the trial court must not decide the merits of the parties’ claims, but must confine itself to the evidence relevant to the issue of whether the alleged property interest is direct or collateral.  

If the evidence raises an issue of fact regarding whether the alleged property interest is a direct interest, the motion should be denied and the issue must be resolved by the fact finder.  If, however, the relevant evidence is undisputed, or fails to raise a fact question concerning the true nature of the alleged property interest, the trial court should rule on the validity of the lis pendens as a matter of law. 
 We believe this rule strikes the necessary balance between protecting the plaintiff’s asserted interest in the property, on the one hand, and protecting the property owner from the adverse effects of a lis pendens that is based on a sham pleading,
(footnote: 29) on the other, without depriving the parties of the right to present the merits of their case at trial.

We will now review the record in this case to determine whether the trial court abused its discretion in granting Tex Mall’s motion to void the Collins parties’ lis pendens under this standard.

The third-party petition contains the following allegations:

In furtherance of his plan to purchase the North Hills Mall property at foreclosure, Kest convinced Collins to sign a Memorandum of Understanding (“MOU”). 

Kest has committed fraud against Third-Party Plaintiffs by making promises and assurances that, after the foreclosure sale, Burk Collins would own a 50% interest in TEX MALL and the North Hills Mall property.  In reliance upon these representations, Collins entered into the MOU, expended substantial funds, and allowed his interest in [Creek Mall] to be sold at foreclosure sale.  These representations have caused injury to Collins and the Third-Party Plaintiffs including a loss of a 50% interest in [Creek Mall] and the North Hills Mall property. 

TEX MALL has committed fraud against Third-Party Plaintiffs through the representations of its agent, and alter ego, Michael Kest.  Specifically, Kest made repeated promises and assurances to Burk Collins and Third-Party Plaintiffs, that after the foreclosure sale, Burk Collins would own a 50% interest in TEX MALL and the North Hills Mall property. 

TEX MALL conspired with Third-Party Defendant Michael Kest, to commit fraud on Third-Party Plaintiffs.  Specifically, by purchasing the North Hills Mall property at a much-reduced price, TEX MALL benefited from the fraud committed by Michael Kest on Third-Party Plaintiffs. 

Subsequent to the foreclosure sale, Collins has been repeatedly denied any interest in TEX MALL or the North Hills Mall property. 

Third-Party Plaintiffs seek money damages as well as a constructive trust on at least 50% of the North Hills Mall property. 

[T]he Court should declare that Third-Party Plaintiffs shall own an interest equal to at least 50% in either the North Hills Mall property or TEX-MALL. 

On the face of these pleadings, the Collins parties undoubtedly claim a direct interest in the Mall property.  Tex Mall’s motion to void the lis pendens, however, challenges the existence of facts supporting the Collins parties’ alleged direct interest in the property.  Specifically, Tex Mall asserts that the evidence conclusively shows the Collins parties have no valid claim to a direct interest in the Mall property, but only an interest in the now-dissolved Creek Mall partnership.  In addition, Tex Mall argues that the Collins parties lack standing to assert an interest in the Mall property because the property belonged to the Creek Mall partnership, not to the Collins parties. 

As Tex Mall contends, there is evidence in the record that the Collins parties never owned a direct interest in the Mall property.  For example, the Creek Mall limited partnership agreement provided that Creek Mall, not the Collins parties or the other partners, owned the Mall property.
(footnote: 30)  Creek Mall’s ownership was also evidenced by two deeds of conveyance.  In addition, the MOU specifically granted Kest “the right to do whatever [he] wish[ed] regarding the Mall, including without limitation” to purchase the Mall property at a foreclosure sale, and expressly waived the Collins parties’ right to acquire an interest in the Mall property at a trustee’s sale.  Moreover, the Collins parties concede that the MOU does not give them an ownership interest in the Mall property. 

This evidence, however, is controverted by other evidence showing that the Collins parties may have owned a direct interest in 50 percent of the Mall property by virtue of their former interest in Creek Mall and the partnership agreement’s in-kind distribution provision.
(footnote: 31)  In addition, a March 25, 2003 memo from Collins to Kest, which predates the MOU by three days, states, in pertinent part,

Mike:

We need to draw up an Agreement today that reflects the understanding you and I have going forward with the North Hills Mall (“Mall”).  The following is my understanding:

. . . .

5. In the event Michael Kest or any of his entities purchase the Mall note or purchase the property at foreclosure 
then Burk Collins will retain all of his ownership in the Mall property 
. . . .  [Emphasis supplied.]

The word “NO” is handwritten next to paragraph 5.  Kest testified that he made this notation because he interpreted the paragraph as Collins saying that “he [Collins] would 
retain
 
50 percent ownership of the Mall property
 going forward in case there was a foreclosure, and I said no.”  [Emphasis supplied.]  This is some evidence that Kest believed Collins had an interest in the Mall property when Collins signed the MOU.

Further, the Collins parties rely on the March 28 memorandum that Collins purportedly sent to Kest with the signed MOU, which states,

I [Collins] understand the problem you have with your family and do not want our understanding put in the base Agreement.  However, I want an understanding that we have an agreement that if [events do not occur to keep the Mall property out of foreclosure] and you decide to foreclose or acquire the Mall property off the Courthouse steps that 
you will give me back my 50% interest after foreclosure. 
 This Memo is a condition to my signature on the Memo of Understanding.  If you do not agree then the document is null and void.
(footnote: 32)  [Emphasis supplied.] 

In sum, we believe that the evidence presented to the trial court raises a fact issue on the question of whether the Collins parties have a direct interest in the Mall property, as they allege in their pleadings.  Accordingly, we hold that the trial court clearly abused its discretion by granting Tex Mall’s motion to void the lis pendens.

Inadequate Remedy at Law

We must now consider whether the Collins parties have an adequate remedy by appeal.

It is well settled that mandamus is the appropriate remedy when issues arise concerning the propriety of a notice of lis pendens.
(footnote: 33) 
 In this case, the trial court’s order voiding the Collins parties’ lis pendens renders them unable to protect their alleged interest in the Mall property during the pendency of their third-party lawsuit.  The trial court’s order is not conditioned on Tex Mall’s payment of a monetary deposit or the giving of an undertaking to protect the Collins parties,
(footnote: 34) and given Tex Mall’s plans to develop the Mall property, an appeal of the lis pendens ruling following trial on the merits of the third-party claims would be wholly inadequate.  Accordingly, we hold that the Collins parties lack an adequate remedy by appeal.
(footnote: 35)

Conclusion

Having determined that the trial court clearly abused its discretion in granting Tex Mall’s motion to void the lis pendens, and that the Collins parties have no adequate remedy by appeal,
(footnote: 36) we lift our stay of the trial court’s May 25, 2005 order granting Tex Mall’s motion to void the Collins parties’ lis pendens and conditionally grant a writ of mandamus directing the trial court to vacate that order.  Because we are confident that the trial court will enter the appropriate order, our writ will issue only if the court fails to do so.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED: August 26, 2005

FOOTNOTES
1:
Collins owns Fountain Mall, Inc. and Mall Group, Ltd.  Kest owns or controls Tex Mall, as well as KCT Richland, LP, a California limited partnership, and the Kest Children’s Trust. 

2:
The MOU actually gives this right to the “Kest-Constituents,” which include Kest, individually and as trustee of the Kest Children’s Trust, KCT Richland, and several other companies, partnerships, and individuals.  Because the identities or existence of these other individuals and entities do not affect our disposition of this original proceeding, we refer to them simply as “Kest.”

3:
Initially, Tex Mall also indicated its willingness to participate in arbitration, despite its position that it was not bound by the MOU’s arbitration provision.  Since this original proceeding was filed, however, Tex Mall has withdrawn its plea in abatement and stated that it is no longer willing to participate in arbitration.  

4:
Those documents include (1) the Creek Mall partnership agreement; (2) two deeds conveying the Mall property to Creek Mall; (3) a March 25, 2003 memo from Collins to Kest (not to be confused with the March 28 memo from Collins to Kest); (4) the MOU; (5) the third-party petition; and (6) the notice of lis pendens.  

5:
In re Prudential Ins. Co. of Am.,
 148 S.W.3d 124, 135-36 (Tex. 2004); 
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). 

6:
In re Van Waters & Rogers, Inc.
, 145 S.W.3d 203, 210-11 (Tex. 2004).

7:
Walker,
 827 S.W.2d at 839. 

8:
Id.
 at 839-40.

9:
Canadian Helicopters, Ltd. v. Wittig
, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

10:
Prudential Ins. Co.,
 148 S.W.3d at 135; 
Walker
, 827 S.W.2d at 840.

11:
Walker,
 827 S.W.2d at 840.

12:
Garza v. Pope,
 949 S.W.2d 7, 8 (Tex. App.—San Antonio 1997, orig. proceeding); 
King v. Tubb,
 551 S.W.2d 436, 444 (Tex. Civ. App.—Corpus Christi 1977, no writ).

13:
Tex. Prop. Code Ann.
 § 12.007(a) (Vernon 2004).

14:
Id.
 § 13.004.

15:
A properly filed lis pendens can only be cancelled conditioned on the payment of a monetary deposit or the giving of an undertaking that will adequately protect the party who filed the lis pendens.  
Id
. 
§ 12.008(a); 
see also In re Kroupa-Williams,
 No. 05-05-00375-CV, 2005 WL 1367950, at *4 (Tex. App.—Dallas June 10, 2005, orig. proceeding)(mem. op); 
Hughes v. Houston N.W. Med. Ctr.,
 647 S.W.2d 5, 7 (Tex. App.—Houston [1st Dist.] 1982, writ dism’d) (the latter applying predecessor to sections 12.007–.008).

16:
See
 
Tex. Prop. Code Ann.
 § 12.007(a); 
see also Kroupa-Williams,
 2005 WL 1367950, at *3 (holding that claim of community property interest in real property in divorce proceeding was sufficient to support lis pendens);
 In re Fitzmaurice,
 141 S.W.3d 802, 805 (Tex. App.—Beaumont 2004, orig. proceeding) (“Those cases in which lis pendens has been disallowed are those in which the subject property is collateral to the litigation.”).

17:
See Moss v. Tennant,
 722 S.W.2d 762, 763 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding); 
see also Hughes,
 647 S.W.2d at 7 (holding that lis pendens was proper when filed against partnership-owned property in suit by partner that alleged contract for sale of property had been procured by fraud). 

18:
See, e.g., Flores v. Haberman,
 915 S.W.2d 477, 478 (Tex. 1995) (orig. proceeding) (holding that if the plaintiffs seek a constructive trust only to satisfy a judgment that they might obtain against the defendant, “the interest is no more than a collateral interest in the property,” and the lis pendens is void); 
In re Med Plus Equity Inv., LP,
 No. 05-05-00404-CV, 2005 WL 1385238, at *1 (Tex. App.—Dallas June 13, 2005, orig. proceeding) (mem. op.) (holding that suit for interest in partnership will not support lis pendens); 
Moss,
 722 S.W.2d at 763; 
Helmsley-Spear of Tex., Inc. v. Blanton,
 699 S.W.2d 643, 645 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (both holding that suits seeking lien against real property to secure recovery of damages for fraud and breach of lease, respectively, will not support lis pendens).

19:
See In re Mousa,
 No. 01-04-00485-CV, 2004 WL 2823172, at *1-2 (Tex. App.—Houston [1st Dist.] Dec. 9, 2004, orig. proceeding) (mem. op.); 
First Nat’l Petro. Corp. v. Lloyd,
 908 S.W.2d 23, 25 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding); 
Hughes,
 647 S.W.2d at 6. 

20:
See In re Med Plus Equity Inv.,
 2005 WL 1385238, at *1; 
In re Jamail,
 156 S.W.3d 104, 107 (Tex. App.—Austin 2004, orig. proceeding)(mem.op.).

21:
See In re Wolf,
 65 S.W.3d 804, 805 (Tex. App.—Beaumont 2002, orig. proceeding) (rejecting plaintiffs’ argument that expressly requesting and praying for an interest in real property was sufficient to support lis pendens);
 Francis v. Sterling,
 45 S.W.3d 194, 196 (Tex. App.—Tyler 2001, no pet.) (holding that plaintiff lacked statutory authority to file lis pendens in case in which title to subject property had been litigated to final judgment seven months before lis pendens was filed); 
Khraish v. Hamed,
 762 S.W.2d 906, 909 (Tex. App.—Dallas 1988, writ denied) (holding that lis pendens filed against property that was not subject of loan agreement at issue in suit was improper).  We note 
that decisions from the Dallas court have come down on both sides of this issue.  
Compare
 Med Plus Equity Inv.
, 2005 WL 1385238, at *1 (limiting scope of review to pleadings) 
with Kraish
, 762 S.W.2d at 909 (considering pleadings and evidence).

22:
Tex. Dep’t of Parks & Wildlife v. Miranda,
 133 S.W.3d 217, 226 (Tex. 2004); 
Tex Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993). 

23:
Bland ISD v. Blue,
 34 S.W.3d 547, 555 (Tex. 2000).

24:
County of Cameron v. Brown,
 80 S.W.3d 549, 555 (Tex. 2002); 
Bland ISD,
 34 S.W.3d at 555.

25:
Miranda,
 133 S.W.3d at 227.

26:
Id.
 at 227-28.

27:
Id.
 at 228.

28:
In conducting this examination, the trial court should construe the pleadings liberally in favor of the plaintiff and look to the pleader’s intent.  
See id. 
at 226.  If the pleadings do not contain sufficient facts to affirmatively demonstrate the propriety of the lis pendens, the plaintiffs should be afforded the opportunity to amend before the court rules on the motion.  
See id. 
at 223-27.  If the pleadings affirmatively negate the existence of facts supporting the lis pendens, then the motion to remove the lis pendens may be granted without allowing the plaintiffs an opportunity to amend.  
See id. 
at
 227; see also Flores
, 915  S.W.2d at 478 (lis pendens declared void as a matter of law because plaintiffs alleged in their pleadings “no more than a collateral interest in the property”).

29:
See, e.g., Prappas v. Meyerland Cmty. Improvement Ass'n,
 795 S.W.2d 794, 795 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (noting that filing of lis pendens resulted in failure of real estate transaction); 
Ransopher v. Deer Trails, Ltd.,
 647 S.W.2d 106, 108 (Tex. App.—Houston [1st Dist.] 1983, no writ) (stating that lis pendens notice may prevent party from selling or using the property while underlying suit is pending); 
King,
 551 S.W.2d at 443-44; 
Black v. Burd,
 255 S.W.2d 553, 555 (Tex. Civ. App.—Fort Worth 1953, writ ref’d n.r.e.) (both stating that ultimate effect of lis pendens is to prevent either party to litigation from alienating property that is in dispute).

30:
The Creek Mall limited partnership agreement contained the following provision:

Partnership Property shall be deemed to be owned by the Partnership as an entity, and no Partner, individually or collectively,
 
shall have any ownership interest in such Partnership Property or any portion thereof.
  Title to any or all Partnership Property may be held in the name of the Partnership.  [Emphasis supplied.] 

31:
Although Tex Mall contends that the Creek Mall partnership agreement “grant[ed] no . . . right” to anything except a cash distribution, the partnership agreement contained an in-kind distribution provision.  This provision states: 

Section 13.4.  Distribution of Partnership Property and Proceeds of Sale Thereof.

A. Order of Distribution.  Upon completion of all desired sales of Partnership Property, and after payment of all selling costs and expenses, the Liquidator shall distribute the proceeds of such sales, and 
any Partnership Property that is to be distributed in kind 
. . . .  [Emphasis supplied.]

32:
Tex Mall contends that the parole evidence rule, the statute of frauds, and the merger doctrine “render ineffectual” any claim that the Collins parties have based on this memo, because the memo predates the signing of the MOU. The parole evidence challenge is not preserved for our review because the trial court did not rule on the admissibility of the memo at the lis pendens hearing. 
See
 
Tex. R. App. P.
 33.1(a)(2) (providing complaint is not preserved unless both objection and ruling appear in record). We decline to address Tex Mall’s statute of frauds and merger arguments because they would require us to decide the merits of the parties’ claims.  Our determination of whether facts exist to support the Collins parties’ claim to a direct interest in the Mall property is confined to the evidence relevant to this issue. 

33:
See Flores,
 915 S.W.2d at 477-78; 
First Nat’l Petro. Corp.,
 908 S.W.2d at 24-25.

34:
See
 
Tex. Prop. Code Ann.
 § 12.008(a).

35:
See Prudential Ins. Co.,
 148 S.W.3d at 135-36; 
Van Waters & Rogers,
 145 S.W.3d at 210-11; 
Walker
, 827 S.W.2d at 839.

36:
In light of our disposition of the Collins parties’ first issue, we need not consider their alternative issue based on arbitration.  
See
 
Tex. R. App. P.
 47.1.