MEMORANDUM OPINION
 

No. 04-05-00381-CV

IN RE MEDISTAR CORPORATION

Original Mandamus Proceeding




PER CURIAM
 
Sitting:            Catherine Stone, Justice
Sarah B. Duncan, Justice
Rebecca Simmons, Justice
 
Delivered and Filed:   November 16, 2005

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED
            Medistar seeks mandamus relief from the trial court’s order prohibiting Medistar from filing
or causing to be filed additional lis pendens on the property owned by Real Parties in Interest. We
conditionally grant the relief requested


 because we conclude that the trial court’s order is, in fact,
an injunction, and no evidence was presented to support the elements necessary for injunctive relief. 
Furthermore, the trial court did not comply with the mandatory provisions of Tex. R. Civ. P. 863.Factual Background
            Medistar filed suit against Real Parties in Interest (collectively “Sports”) alleging multiple
allegations of fraud, breach of contract and other causes of action. The allegations stem from a
development project in which Medistar claims it was to develop a sports medicine facility on
property to be acquired by Sports. Medistar claims to have spent over $1,000,000.00 and devoted
thousands of man-hours to developing the project prior to Sports’ acquisition of the property. Sports
subsequently acquired the property, but did not include Medistar in the development project. 
Medistar brought suit seeking a constructive trust on the property as a result of the alleged fraudulent
conduct of Sports. On December 28, 2004, Medistar filed its first Notice of Lis Pendens and filed
an Amended Notice of Lis Pendens on March 28, 2005.
            On May 26, 2005, Sports filed its Motion to Cancel Notice of Lis Pendens requesting the trial
court cancel the lis pendens filed on March 28, 2005 and prohibit Medistar from filing or causing
to be filed additional lis pendens on the property in question. Medistar filed its opposition to same
on June 2, 2005. The same day, the trial court entered an order cancelling the Notice of Lis Pendens
and the Amended Notice of Lis Pendens and ordered Medistar not to file or cause to be filed any
additional lis pendens on the property in question. The only issue before this court is the trial court’s
order regarding future filings of lis pendens.
Standard of Review
            A writ of mandamus is the appropriate remedy when an issue arises concerning the propriety
of a Notice of Lis Pendens. See Flores v. Haberman, 915 S.W.2d 477, 478 (Tex. 1995) (interest
asserted by parties did not involve one articulated in §12.007(a), thus trial court erred in not
cancelling the notice of lis pendens). Mandamus is a discretionary remedy and ordinarily will be
denied if another remedy is available and adequate. Street v. Second Court of Appeals, 715 S.W.2d
638, 639 (Tex. 1986). 
            The standard of review in an injunction case is whether the trial court’s action constituted
a clear abuse of discretion. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589,
589 (1962). The grant or refusal of a permanent injunction is within the trial court’s sound discretion
and, on appeal, review of the trial court’s action is limited to the question of whether the action
constituted a clear abuse of discretion. State v. Texas Pet Foods, Inc., 591 S.W.2d 800, 803 (Tex.
1979). 
Discussion
            The underlying purpose of the lis pendens is to put those interested in a particular tract of
land on notice as to the facts and issues involved in the suit or action concerned. Kropp v. Prather,
526 S.W.2d 283, 287 (Tex. Civ. App.—Tyler 1975, writ ref’d n.r.e.). The lis pendens is constructive
notice of the underlying lawsuit, and a prospective buyer is on notice that he acquires any interest
subject to the outcome of the pending litigation. Id.; see also Gene Hill Equip. Co. v. Merryman,
771 S.W.2d 207, 209 (Tex. App.—Austin 1989, no writ). A lis pendens may be filed during the
pendency of an action involving: (1) title to real property; (2) the establishment of an interest in real
property; or (3) the enforcement of an encumbrance against real property. Tex. Prop. Code Ann.
§ 12.007 (Vernon 2004). It is, however, inapplicable where the issues would only collaterally or
indirectly affect the interest of the parties to the property in question. Garza v. Pope, 949 S.W.2d 7,
8 (Tex. App.—San Antonio 1997, orig. proceeding).
            This case is analogous to Hughes v. Houston Northwest Med. Ctr., 647 S.W.2d 5, 7 (Tex.
App.—Houston [1st Dist.] 1982, writ ref’d n.r.e.) wherein the court was faced with determining
whether, in a suit contesting the title to real estate, the trial court could prevent plaintiffs from filing
future lis pendens. Sports disputes this case is analogous to Hughes asserting the trial court properly
denied Medistar’s lis pendens and therefore Medistar should not be able to file future lis pendens. 
Sports is correct to the extent that the trial court properly cancelled Medistar’s lis pendens as of July
15, 2005. Based solely on the pleadings, Medistar asserted nothing more than a collateral interest
in the property. See First Nat’l Petroleum Corp. v. Lloyd, 908 S.W.2d 23, 25 (Tex. App.—Houston
[1st Dist.] 1995, orig. proceeding) (holding courts are to examine the pleadings and not look beyond
the pleadings to determine whether lis pendens asserts a claim to the interest in the real property). 
Thus, the trial court properly cancelled the lis pendens. Garza, 949 S.W.2d at 9 (holding lis pendens
filed merely to impair transfer of tract of land to protect future collections of eventual judgment
should be cancelled). 
            Moreover, Hughes would allow no additional lis pendens filings based upon the pleadings
before the trial court. Here, however, the trial court’s order reached beyond filing lis pendens on the
pleadings before the trial court, entering an injunction precluding all future lis pendens. The order
prevents all filings regardless of any amendments to the pleadings or allegations which could
potentially show the interest is no longer collateral—creating a real interest in the property. As such,
the holding and rationale in Hughes are applicable to the present case.
            The principle allegations asserted in Hughes focused on the plaintiffs and the defendants as
general partners in a partnership and stockholders in a corporation. By reason of defendants’ fraud,
the partnership had contracted to sell the property in controversy to the corporation which, in turn,
proposed to sell the property to a second partnership comprised solely of the defendants. The
appellate court found that the trial court exceeded its authority when it enjoined the plaintiffs from
further filing lis pendens notices against the property. The court held this action “effectively denied
plaintiffs their right to remedies expressly authorized by statute to protect their claimed interest in
the land.” Id. at 8.


 The court’s analysis was largely based on Moran v. Midland Farms Co., 282
S.W. 608, 612 (Tex. Civ. App.—El Paso 1926, writ dism’d w.o.j.), wherein the court held “[a]n
injunction is never granted to stay proceedings in a suit, before judgment, merely because a plaintiff
has no cause of action.” Hughes, 647 S.W.2d at 8. Thus, this court must determine whether the trial
court’s order was, in fact, an injunction.
Injunction
            An injunction is defined as “a court order commanding or preventing an action.” Black’s
Law Dictionary 800 (8th Ed. 2004). The Supreme Court in Qwest Communications Corp. v.
AT&T Corp., 24 S.W.3d 334, 336 (Tex. 2000), held that injunctive relief restrains motion and
enforces inaction. The trial court in this case restrained Medistar from filing or causing to be filed
any future lis pendens on the property in question. Although the court did not specifically enunciate
its order in the form of an injunction, it is the “character and function of an order that determine its
classification.” Id. Therefore, we conclude the trial court’s order is an injunction. 
Requirements under Butnaru
            An order for injunction must be as definite, clear, and precise as possible, while also
informing the defendant of the acts from which he is being restrained. San Antonio Bar Ass’n v.
Guardian Abstract & Title Co., 156 Tex. 7, 291 S.W.2d 697, 702 (1956). The purpose of a
temporary injunction is to preserve the status quo until a final hearing on the merits. Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). As a general rule, an applicant seeking a temporary
injunction must plead and prove: “(1) a cause of action against the defendant; (2) a probable right
to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.” Id. An
injury is irreparable “if the injured party cannot be adequately compensated in damages or if the
damages cannot be measured by any certain pecuniary standard.” Id. The law recognizes that each
and every piece of real estate is unique, and that this is certainly an element to be considered in
deciding whether there has been irreparable damage. Home Sav. of America, F.A. v. Van Cleave
Dev., 737 S.W.2d 58, 59 (Tex. App.—San Antonio 1987, no writ) (citing Greater Houston Bank v.
Conte, 641 S.W.2d 407 (Tex. App.—Houston [14th Dist.] 1982, no writ)).
            The trial court abuses its discretion when it misapplies the law to the “established facts or
when the evidence does not reasonably support the conclusion that the applicant has a probable right
of recovery.” State v. Southwestern Bell Tel. Co., 526 S.W.2d 526, 528 (Tex. 1975). In the present
case, there was no evidence presented to show any of the requirements set forth in Butnaru.            The testimony elicited during the hearing revealed that if Medistar’s lis pendens was not
cancelled by the trial court, Sports might be prevented from closing on a pending construction loan. 
With regard to the injunction on future filings of lis pendens, however, absolutely no evidence was
adduced tending to show any of the necessary elements. We hold the grant of a temporary injunction
under such circumstances was improper. 
Texas Rules of Civil Procedure 863
            Every order granting injunctive relief must “set forth the reasons for its issuance” and “the
act or acts sought to be restrained.” Tex. R. Civ. P. 683. Moreover, every order must “include an
order setting the cause for trial on the merits with respect to the ultimate relief sought.” Id. The
procedural requirements of Rule 683 are mandatory, and an order failing to “meet them is subject
to being declared void and dissolved.” Qwest, 24 S.W.3d at 337. In Khaledi v. H.K. Global Trading,
Ltd., 126 S.W.3d 273 (Tex. App.—San Antonio 2003, no pet.), this court held that the evidence
before the trial court established that defendant’s actions placed an extreme hardship and/or
significantly impaired the plaintiffs’ ability to assist in paying amounts owed and that the plaintiffs’
business plan and ability to obtain financing on the properties were “adversely affected in a way that
cannot be effectively measured in dollars” if the injunction did not issue. As such, we held these
findings were adequate under Rule 683. Id. at 280.
            In the present case, the trial court did not set forth any reasons for issuing the injunction. On
the contrary, the order simply prohibited Medistar from “filing or causing to be filed any other
Notices of Lis Pendens” against Sports’ real property. Moreover, the order did not include a date
on which the cause would be tried on the merits with respect to the filing of future lis pendens. 
Unlike Khaledi and Qwest, the trial court’s findings are conclusory and the order wholly fails to meet
the requirements of Rule 683. Therefore, we hold that the order is void as a matter of law. 
Conclusion
            The trial court’s order prohibiting Medistar from filing additional lis pendens on the property
in question was, in fact, an injunction. After review of the record, there is no evidence of irreparable
injury to support the court’s findings under Butnaru. Additionally, the order does not comply with
Tex. R. Civ. P. 863. The petition for writ of mandamus is CONDITIONALLY GRANTED. The
writ will only issue if realtor certifies to this court that the trial court has failed to withdraw the
portion of the order that prohibits Medistar from filing further lis pendens within fourteen days from
the date of our opinion.
                                                                                    PER CURIAM