

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00149-CV

———————————————

DARRYL HEFFNER, Appellant

V.

TIMOTHY HEFFNER, MATTHEW HEFFNER, AND JONATHAN HEFFNER,
Appellees

---

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CV21-00248

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Darryl Heffner attempts to appeal from three trial court orders: two orders expunging notices of lis pendens and one scheduling order. Appellees Timothy Heffner, Matthew Heffner, and Jonathan Heffner have moved to dismiss this appeal for want of jurisdiction. Appellant has filed a response to the dismissal motion.

Generally, appeals may be taken only from final judgments or appealable interlocutory orders. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Orders expunging notices of lis pendens are neither final nor subject to interlocutory appeal. *Smith v. Schwartz*, No. 02-15-00146-CV, 2015 WL 3645862, at *1 (Tex. App.—Fort Worth June 11, 2015, no pet.) (per curiam) (mem. op.). The same is true of scheduling orders; they are neither final nor subject to interlocutory appeal. *P.K. v. S.B.*, No. 02-19-00141-CV, 2019 WL 3756210, at *1 n.1 (Tex. App.—Fort Worth Aug. 8, 2019, no pet.) (per curiam) (mem. op.); *Thomas v. Pugliese*, No. 02-17-00407-CV, 2017 WL 6616243, at *1 (Tex. App.—Fort Worth Dec. 21, 2017, no pet.) (per curiam) (mem. op.).

Nonetheless, Appellant opposes Appellees' motion to dismiss this appeal. He asserts that "[e]xpungement is tantamount to dismissal" of his case. Although Appellant's legal rationale is unclear, from what we can gather, Appellant contends that expunging the two notices of lis pendens reflected "[t]he trial [court's] perspective

2

that [he] has no ownership interest in either property" and thus implicitly resolved Appellant's claims against him.[1]

This is not the case. A notice of lis pendens does not adjudicate the property's ownership; it merely "broadcasts 'to the world' the existence of ongoing litigation regarding ownership of the property." *Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 753 (Tex. 2017) (quoting Tex. Prop. Code Ann. § 13.004(a)). For much the same reason, expunging the "broadcast[]" is not a "full-blown adverse judgment on the merits." *Id.* at 753–57 (rejecting intermediate court's interpretation of expungement's effect on notice of lis pendens). Expungement "restor[es] the chain of title free of the record notice of [the] potential claim of interest" but does not leave the "persons claiming an interest in [the] property . . . in a worse position for having filed a [later-expunged] lis pendens . . . than had they not filed one." *Id.* at 756–57.

There are numerous grounds for expunging a notice of lis pendens that have nothing to do with the merits of the property-related dispute. *See, e.g.*, Tex. Prop. Code Ann. § 12.0071(c)(3) (requiring expungement if "the person who filed the notice for record did not serve a copy of the notice on each party [statutorily] entitled to a copy"); *In re Collins*, 172 S.W.3d 287, 293 (Tex. App.—Fort Worth 2005, orig.

---

[1]Appellant further contends that the trial court's failure to set a trial date in the scheduling order evidenced its recognition that the expungements resolved all pending issues.

proceeding) (noting that "the suit on which the lis pendens is based must claim a direct interest in real property, not a collateral one").

Here, the trial court expunged the notices because it determined that "the pleading on which the notice[s were] based d[id] not contain a real property claim." Tex. Prop. Code Ann. § 12.0071(c)(1). The trial court could rule on this issue without resolving the merits of Appellant's various trust-related claims—claims which include, inter alia, breach of fiduciary duty and disqualification of Appellees as trustees. The same is true for the scheduling order; the trial court could schedule discovery deadlines without finally resolving the merits of the case. Nothing in the three challenged orders (1) "actually dispose[d] of every pending claim and party" or (2) "clearly and unequivocally state[d] that it finally dispose[d] of all claims and parties." *Patel v. Nations Renovations, LLC*, No. 21-0643, 2023 WL 1871558, at *3 (Tex. Feb. 10, 2023) (quoting *Jones*, 629 S.W.3d at 924); *Lehmann*, 39 S.W.3d at 205. In fact, the scheduling order reflects the opposite: that pending parties and claims remain. Otherwise, there would be no reason to schedule discovery deadlines.

Because there is neither a final order nor an appealable interlocutory order, we grant Appellees' motion and dismiss this case for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: April 13, 2023